UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DESHUNTA MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.:21-390 |
| | | |
| VS | ) | CIVIL ACTION |
| LOUISIANA DEPARTMENT OF CORRECTIONS, | ) | BENCH TRIAL |
| ELAYN HUNT CORRECTIONAL CENTER, JAMES | ) | |
| M. LEBLANC, TIMOTHY HOOPER, KIRT GUERIN, | ) | |
| ERIC HINYARD, AND DONALD JOHNSON | ) | |
| Defendants. | ) | |
| | ) | |

## CIVIL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Deshunta Miller, who respectfully submits to this Honorable Court this Civil Complaint seeking relief for the rape of and injuries to Deshunta Miller.  In support thereof, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

2.

Jurisdiction is invoked pursuant to 42 U.S.C. § 1331 and § 1343.

3.

The Court's supplemental jurisdiction over state law claims is invoked pursuant to 28 U.S.C. § 1367(a).

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's cause of action arises in the Middle District of Louisiana, and all of the Defendants are found in the Middle District of Louisiana.

**PARTIES**

5.

Plaintiff, Deshunta Miller, is an individual residing and domiciled at East Baton Rouge Parish. Petitioner was employed by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel. Plaintiff worked Beaver 2 Unit 3, which is reserved for maximum security inmates.  Unit 3 houses approximately 64 inmates and at the time of the incident occurring on July 17, 2020, Plaintiff was the only prison guard on duty at the time of the events set forth in this Complaint,

6.

Defendant, Louisiana Department of Corrections, is an agency of the State of Louisiana with a place of business and offices located at 504 Mayflower Street, Baton Rouge, LA 70802, within the Middle District of Louisiana.

7.

Defendant, Elayn Hunt Correctional Center at St. Gabriel is a prison run and managed by Defendant, Louisiana Department of Corrections located at 6925 LA-74, St. Gabriel, LA 70776, within the Middle District of Louisiana.

8.

At all relevant times, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel acted through their agents and employees.

9.

Upon information and belief, Defendant, Donald Johnson, at all relevant times, was Plaintiff's immediate supervisor at Beaver 2 Unit 3 and employed by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel and is therefore a state actor.  He is sued in his individual capacity.  Upon information and belief, he resides in the Middle District of Louisiana.

10.

Upon information and belief, Defendant, Eric Hinyard, at all relevant times, was the system warden at Beaver 2 Unit 3 and employed by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel and is therefore a state actor.  He is sued in his individual capacity.  Upon information and belief, he resides in the Middle District of Louisiana.

11.

Upon information and belief, Defendant, Kirt Guerin, at all relevant times, was chief of security at Beaver 2 Unit 3 and employed by Defendants, Louisiana Department of Corrections

and Elayn Hunt Correctional Center at St. Gabriel and is therefore a state actor. He is sued in his

individual capacity. Upon information and belief, he resides in the Middle District of Louisiana.

12.

Defendant, Timothy Hooper, at all relevant times, was the Warden employed by

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St.

Gabriel and is therefore a state actor. He is sued in his individual capacity. Upon information

and belief, he resides in the Middle District of Louisiana.

13.

At all relevant times, Defendants, Louisiana Department of Corrections, Elayn Hunt

Correctional Center at St. Gabriel, Donald Johnson, Eric Hinyard, Kirt Guerin, Timothy Hooper,

and James M. LeBlanc were state actors and acting under color of the law.

**FACTS**

14.

Plaintiff, Deshunta Miller, was hired for the position of prison guard by Defendant,

Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel on or

about November 2019.

15.

Plaintiff began working at Elayn Hunt Correctional Center at St. Gabriel on or about

November 9-12, 2019.

16.

Plaintiff worked as a prison guard in Beaver 2 Unit 3, an all-male maximum security area

housing at least 64 inmates at Elayn Hunt Correctional Center at St. Gabriel.

4

17.

Plaintiff's duties and responsibilities generally included head counts, monitor cells, and walk the different Beavers.

18.

On July 17, 2020, Plaintiff was scheduled to work the 6:00 a.m. to 6:00 p.m. shift.

19.

Plaintiff arrived at her station at about 6:30 - 7:00 a.m. on the morning of July 17, 2020.

20.

At some point that morning, while performing her duties, Plaintiff was forcibly grabbed from behind by Erick Dehart who had some type of homemade shank positioned around her throat. Erick Dehart gained access to her area as a result of broken or inoperable cell locks. Plaintiff was forced to an area of the prison where she was forcibly raped.

21.

Upon information and belief, on the morning of July 17, 2020, there was only 1 correctional officer on duty at the time in Unit 3, a number totally insufficient for proper security in Unit 3.

22.

Plaintiff was unable to use her department issued beeper because the beepers did not operate properly inside of the building. A fact known by those in positions of authority.

23.

Upon information and belief, prison security tapes show Erick Dehart entering Plaintiff's area and grabbing her from behind with some type of weapon in his hand.

24.

Subsequent testing with a rape kit conducted confirmed that Plaintiff had been raped.

25.

Plaintiff was subsequently referred to further treatment as a result of this incident.

26.

As a result of the severe emotional distress, and emotional physical trauma, stress and distress resulting from the rape, Plaintiff saw and is still under treatment with a counselor.

27.

Since the time of the rape, Plaintiff has suffered from feelings of fear, stress, anxiety, distress, trauma, confusion and embarrassment.

28.

Plaintiff had previously reported to her immediate supervisor that cell doors in Unit 3 were broken and/or inoperable.

29.

Plaintiff's work area is not equipped with a panic button that can be hit nor was Plaintiff supplied a whistle that can be blown to alert others to danger or problems.

30.

Upon information and belief, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the dangerous propensities of Erick Dehart, who is presently serving terms of imprisonment for Armed Robbery and Simple Burglary.

31.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware prior to Plaintiff's rape that there was a need for more correctional officers, and the danger the understaffing posed. Defendants displayed deliberate indifference to this knowledge.

32.

Upon information and belief, after the rape of Plaintiff, Defendant, Elayn Hunt Correctional Center at St. Gabriel hired additional correctional officers and repaired cell locks in Unit 3.

33.

These changes show the feasibility of instituting such safety measures prior to Plaintiff's rape. Upon information and belief, the number of additional staff hired after the rape is still below the optimum number that is customary in the prison setting.

34.

Upon information and belief, an outside team came to Defendant, Elayn Hunt Correctional Center at St. Gabriel to investigate safety protocols at the prison as a result of the rape that occurred to Plaintiff on July 17, 2020.

35.

The review of safety protocols and their efficacy should have occurred prior to the rape; such reviews represent the ordinary and customary usage in the prison setting.

36.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware that Defendant, Kirt Guerin, was not performing his job functions in an

appropriate manner and were aware of the danger this posed, and Defendants displayed deliberate indifference to this knowledge.

37.

Upon information and belief, Defendant, Kirt Guerin, was subsequently promoted to Warden at Elayn Hunt Correctional Center at St. Gabriel.

38.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the breach in security prior to Plaintiff's rape and the danger this posed, and Defendants displayed deliberate indifference to this knowledge.

39.

Upon information and belief, the investigation that was performed by Defendant, Louisiana Department of Corrections subsequent to Plaintiff's attack at Elayn Hunt Correctional Center at St. Gabriel outlined a breakdown in security at the prison.

40.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of a breakdown in response to employee reports of inappropriate inmate behavior prior to Plaintiff's rape and the danger this posed and displayed deliberate indifference to this knowledge.

41.

Upon information and belief, the investigation revealed a breakdown by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, in the response to employee reports of inappropriate inmate behavior.

42.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the malfunctioning, inoperable, inadequate, or non-existent emergency personal alarm systems and cell locks and the danger this posed prior to Plaintiff's rape and displayed deliberate indifference to this knowledge.

43.

Upon information and belief, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, maintained inadequate or non-existent emergency personal alarm systems for employees.

44.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the violations and the danger this posed prior to Plaintiff's rape and displayed deliberate indifference to this knowledge.

45.

Upon information and belief, the investigation revealed violations by staff of Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, who did not perform their duties.

46.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the lack of monthly staff meetings and the danger this posed prior to Plaintiff's rape and displayed deliberate indifference to this knowledge.

47.

Upon information and belief, the investigation revealed a lack of monthly unit staff meetings and documentation of issues discussed at those meetings by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel.

48.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the lack of staff training and the danger this posed prior to Plaintiff's rape and displayed deliberate indifference to this knowledge.

49.

Upon information and belief, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, investigation revealed a failure to provide and document required staff training.

50.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the failure to inspect housing, repair cell locks, beepers and alarms, and the danger this posed prior to Plaintiff's rape, and displayed deliberate indifference to this knowledge.

51.

Upon information and belief, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, investigation revealed a failure by prison administrators to inspect and repair each housing unit on a regular basis as required by prison policy.

52.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were aware of the failure to appoint a unit manager with an office located on Unit 3 and the danger that this posed prior to Plaintiff's rape and displayed deliberate indifference to this knowledge.

53.

Upon information and belief, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, investigation revealed a failure by prison administrators to appoint a unit manager with an office located at Beaver 2 Unit 3, the housing unit where Plaintiff was assaulted and raped by Erick Dehart.

54.

Defendants knew that Kirt Guerin was not fulfilling his role with respect to safety prior to the rape.

55.

Upon information and belief, Plaintiff's rape and assault prompted Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, to make changes which should have occurred before the rape, as follows: (a) Upon information and belief, after Plaintiff's assault and rape, prison guards were provided a more secure area to perform their duties at Elayn Hunt Correctional Center at St. Gabriel; (b) Upon information and belief, after Plaintiff's assault and rape, all employees who did not have radios were provided with personal duress systems to alert others of emergency situations at Elayn Hunt Correctional Center at St. Gabriel.

56.

It was feasible to institute the safety measures prior to Plaintiff's assault and rape and represented the ordinary custom and usage in the prison setting.

57.

Upon information and belief, after Plaintiff's assault and rape, Defendant, Louisiana Department of Corrections increased accountability measures to monitor the management of prison administration at Elayn Hunt Correctional Center at St. Gabriel.

58.

Upon information and belief, after Plaintiff's assault and rape, Defendant, Louisiana Department of Corrections implemented new training procedures for all new hires to ensure appropriate training is provided in a timely manner.

59.

These safety measures were feasible to have been instituted prior to Plaintiff's assault and rape and represented the ordinary custom and usage in the prison setting.

60.

All of these safety measures set forth in the above Paragraphs were feasible and should have been instituted prior to Plaintiff's assault and rape and represented the ordinary custom and usage in the prison setting.

61.

All of these safety measures instituted after the assault and rape were matters of common knowledge in the prison setting and should have been instituted prior to the assault and rape. The failure to do so represents deliberate indifference which shocks the conscience.

62.

Upon information and belief, Timothy Hooper was transferred to Angola State Prison subsequent to the incident of July 17, 2020.

63.

Inexplicably, despite having video footage of the attack leading to the assault and rape and the confiscating of a knife-like weapon from Erick Dehart's cell and the availability of an investigating officer with the St. Gabriel Police Department to testify before a grand jury, no charges by bill of indictment or bill of information have been filed against Erick Dehart.

**COUNT ONE**
**Plaintiff Deshunta Miller v. Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel**

64.

Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully restated below.

65.

The acts and failures to act by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, caused Plaintiff, Deshunta Miller, to be subjected to the deprivation of rights, privileges and immunities as guaranteed to her under the Fourteenth Amendment of the United States Constitution.

66.

The acts and failures to act by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, were performed under color of state law 42 U.S.C. § 1983.

67.

As previously set forth, Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, actions, and inactions, individually and/or jointly, created a state-created danger where it was foreseeable that Plaintiff would suffer injury and harm.

68.

The harm created by the Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, was foreseeable and direct, such that there was an awareness or should have been an awareness on the part of Defendants based on information that should have put them on notice of the risk of harm to Plaintiff.  Defendants were aware or should have been aware that their failure to act significantly enhanced the risk of harm to Plaintiff.

69.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, acted in willful disregard for the safety of Plaintiff, with deliberate indifference and gross negligence for Plaintiff's personal safety, in a manner that shocks the conscience.

70.

Because Plaintiff was an employee of Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, as stated above, the relationship between Plaintiff and Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, was such that Plaintiff was a foreseeable victim of Erick Dehart's acts, and Defendants therefore had direct knowledge of the likelihood that Plaintiff would suffer the harm that she did.

71.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, conduct, affirmative actions, and their position and authority as state actors facilitated, enabled, and created a dangerous situation that made Plaintiff particularly more vulnerable to harm from inmates, more particularly, Erick Dehart, than she otherwise would have been.

72.

The injuries to Deshunta Miller were foreseeable.  Inmates were given free access to employees such as Deshunta Miller, through malfunctioning cell locks and inoperable personal safety alarms, even after the institution was warned of and was actually aware of their danger to female employees.

73.

It is reasonable to conclude that Deshunta Miller would be in danger of sexual assault from the particular inmate in question, Erick Dehart, based upon his history of aggression, and the knowledge in the possession of Defendants.

74.

The harm, an assault and rape, was foreseeable as a result of the explicit knowledge in the possession of Defendants prior to and at the time of the assault and rape and sufficiently in advance thereof to have avoided it.

75.

Defendants knew the systems were not in place to prevent a rape of an individual such as Deshunta Miller and failed or refused to institute same.

76.

Defendants, exercising their power as state employees, placed Deshunta Miller in danger of foreseeable injury when they failed or refused to have in place sufficient security, the other measures described herein, and permitted a known violent offender to have free and easy access to Deshunta Miller.

77.

The behavior of Defendants and their failures as set forth herein made Deshunta Miller more vulnerable to harm.

78.

Deshunta Miller was in a worse position as a result of Defendants' omissions.

79.

As a result of the acts of Defendant actors, the danger and risk of injury to Deshunta Miller was greatly increased.

80.

Defendant entities' shortcomings can properly be described as a policy or custom which failure to train reflects a deliberate or conscious choice, a policy.

81.

Defendant individuals and the entity have final authority to establish policy through custom, usage and training.

82.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, had little or no training program in connection with the mixing of inmates with civilian employees.

83.

Since the training program was inadequate, said Defendants were deliberately indifferent to and acted in willful disregard of this deficiency.

84.

The deficiency in the training actually caused the indifference to Deshunta Miller's vulnerability and need for assistance, and therefore the assault and rape which has traumatized her.

85.

The above actions by Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, resulted in a deprivation and derogation of the Due Process, substantive and procedural, and Equal Protection rights afforded to Plaintiff by the U.S. Constitution and pursuant to the Louisiana Constitution.

86.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, through their willful disregard, deliberate indifference, recklessness and gross negligence, in a manner that shocks the conscience, willfully disregarded Plaintiff's concerns about inmates not properly secured in their cells as a result of malfunctioning or inoperable cell locks.

87.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, failed to appropriately respond to staff reports of inappropriate inmate behavior upon notification by staff, including Plaintiff.

88.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, through their deliberate and conscious indifference and utter disregard in the manner of training and monitoring their employees, agents, and guards, fostered and created the atmosphere, custom and practices whereby an individual staff member, namely Plaintiff, was rendered unsafe and vulnerable to attack by a convicted felon, and was in fact, attacked and raped by a convicted felon.

89.

 As a direct and proximate result of the willful disregard, deliberate indifference, grossly reckless actions and failure of the Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, Plaintiff was deprived of her Due Process Rights and Equal Protection Right as guaranteed by the U.S. Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, for all available damages, including punitive damages, in addition to attorney's fees and costs pursuant to 28 U.S.C. § 1988.

**COUNT TWO**
**Plaintiff Deshunta Miller v. Donald Johnson, Eric Hinyard, Kirt Guerin,**
**and Timothy Hooper**

90.

Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully restated below.

91.

As previously set forth, acts and failures to act by Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, who acted under color of law caused Plaintiff, Deshunta Miller, to be subjected to the deprivation of rights, privileges and immunities as guaranteed to her under the Fourteenth Amendment of the United States Constitution and under the Louisiana Constitution.

92.

As previously set forth, the acts and failures to act by Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, were performed under color of state law.

93.

As previously set forth, Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, actions, individually and/or jointly, created a state-created danger where it was foreseeable that Plaintiff would suffer injury and harm.

94.

The harm created by the Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, Timothy Hooper, and James M. LeBlanc was foreseeable and direct, such that there was an awareness or should have been an awareness on the part of Defendants based on information that should have put them on notice of the risk of harm to Plaintiff. Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, Timothy Hooper, and James M. LeBlanc were aware or should have been aware that their failure to act significantly enhanced the risk of harm to Plaintiff.

95.

Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, Timothy Hooper, and James M. LeBlanc acted in willful disregard of the risk to the safety of Plaintiff, with deliberate

indifference and gross negligence for Plaintiff's personal safety, in a manner that shocks the conscience.

96.

The relationship between Plaintiff and Defendant, Donald Johnson, was such that Plaintiff was a foreseeable victim of Donald Johnson's acts, and that Defendant had direct knowledge of the likelihood that Plaintiff would suffer the harm that she did.

97.

The relationship between Plaintiff and Defendant, Eric Hinyard, was such that Plaintiff was a foreseeable victim of Eric Hinyard's acts, and that Defendant had direct knowledge of the likelihood that Plaintiff would suffer the harm that she did.

98.

The relationship between Plaintiff and Defendant, Kirt Guerin, was such that Plaintiff was a foreseeable victim of Kirt Guerin's acts, and that Defendant had direct knowledge of the likelihood that Plaintiff would suffer the harm that she did.

99.

The relationship between Plaintiff and Defendant, Timothy Hooper, was such that Plaintiff was a foreseeable victim of Timothy Hooper's acts, and that Defendant had direct knowledge of the likelihood that Plaintiff would suffer the harm that she did.

100.

Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper's conduct, affirmative actions and their positions of authority as state actors facilitated, enabled and created a dangerous situation that made Plaintiff particularly more vulnerable to harm than she otherwise would have been.

101.

The above actions by Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, resulted in a deprivation and derogation of the Due Process and Equal Protection rights afforded to Plaintiff by the U.S. Constitution.

102.

Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, through their deliberate indifference, recklessness and gross negligence, willfully disregarded Plaintiff's concerns that inmates be kept out of her work area without unsupervised access and acted in a manner that shocks the conscience.

103.

Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, failed to appropriately respond to staff reports of inappropriate inmate behavior in a timely manner upon notification by staff, including Plaintiff.

104.

Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, failed to respond to Plaintiff's complaints that she felt unsafe with inmates being able to access her work area in a manner that both breached security and "shocked the conscience."

105.

As a direct and proximate result of the willful disregard, deliberate indifference and grossly reckless actions of the Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, Plaintiff was deprived of her Due Process Rights and Equal Protection Rights as guaranteed by the U.S. Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, for all available damages, including punitive damages, in addition to attorney's fees and costs pursuant to 28 U.S.C. § 1988.

## COUNT THREE – STATE LAW CLAIM
**Plaintiff, Deshunta Miller v. Louisiana Department of Corrections, Elayn Hunt Correctional Center at St. Gabriel, Donald Johnson, Eric Hinyard, Kirk Guerin, and Timothy Hooper,**

106.

Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully restated below.

107.

Defendants were, at all relevant times, under a duty and obligation as described herein.

108.

Defendants, Louisiana Department of Corrections and Elayn Hunt Correctional Center at St. Gabriel, breached that duty by failing to properly educate and train its staff and employees, including Defendants, Donald Johnson, Eric Hinyard, Kirt Guerin, and Timothy Hooper, as described herein.

109.

Defendants breached that duty by failing to respond to Plaintiff's complaints regarding the security breaches that allowed Erick Dehart to access her work area, as described herein.

110.

Defendants have violated Louisiana tort law, Book III, Title V, Chapter 3.  Further and in the alternative, Defendants' actions were the equivalent of intentional acts.

111.

As a direct and proximate result of the above breaches, Plaintiff was harmed as described herein, and she suffered emotional distress as described herein in recovering from the catastrophic experience of being raped, and in addition was unable to return to work at Elayn Hunt Correctional Center at St. Gabriel.

112.

As a direct and proximate result of the above breaches, Plaintiff has suffered from feelings of fear, stress, anxiety, distress, trauma, confusion and embarrassment stemming from the rape by Erick Dehart.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including punitive damages.

## **DEMAND FOR BENCH TRIAL**

Plaintiff demands a bench trial on all issues so triable.

Dated this 10th day of July, 2021.

By Attorney:

Turner Law Firm, LLC.
413 W. Main Street
Gonzales, Louisiana 70737
Telephone: 225.644.2229
Facsimile: 225.644.2266

*/s/     Travis J. Turner*
Travis J. Turner
Bar Roll No.: 29462

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DESHUNTA MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.: 21-390 |
| | ) | |
| VS | ) | CIVIL ACTION |
| LOUISIANA DEPARTMENT OF CORRECTIONS, | ) | BENCH TRIAL |
| ELAYN HUNT CORRECTIONAL CENTER, JAMES | ) | |
| M. LEBLANC, TIMOTHY HOOPER, KIRT GUERIN, | ) | |
| ERIC HINYARD, AND DONALD JOHNSON | ) | |
| Defendants. | ) | |
| | ) | |

## **VERIFICATION**

BEFORE ME, the undersigned Notary Public, personally came and appeared Deshunta Miller, the plaintiff in this matter, who, after being duly sworn did depose and say as follows:

That she has read all the facts and allegations contained in the Petition for Damages; that all the facts and allegations contained therein are true and correct to the best of her knowledge, information, and belief; and that this Verification shall serve as due proof of any allegation needed or required by law.

*/s/     Deshunta Miller*
DESHUNTA MILLER

SWORN TO AND SUBSCRIBED BEFORE ME

THIS 6th DAY OF JULY, 2021

*/s/ Travis J. Turner*
Travis J. Turner
LA Bar Roll No.: 29462

24