UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DESHUNTA MILLER | CIVIL ACTION: 21-390-JWD-RLB |
| VERSUS | JUDGE JOHN W. DEGRAVELLES |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL. | MAGISTRATE RICHARD L. BOURGEOIS |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**

Plaintiff has sued the State of Louisiana, Department of Public Safety & Corrections (named as the "Louisiana Department of Corrections" and which is immune from suit, appearing solely for purposes of this Motion), Elayn Hunt Correctional Center (which is not a juridical person and which appears solely for the purpose of this Motion), James Leblanc, Timothy Hooper, Kirt Guerin, and Donald Johnson pursuant to 42 U.S.C. § 1983 and § 1988. No defendant owes any duty the plaintiff under the Fourteenth Amendment of the United States. Furthermore, her state law claims are subject to the exclusive remedy provisions of the Louisiana Worker's Compensation Act. As such, this Complaint should be dismissed.

**I.    FACTS**

Plaintiff, Deshunta Miller, alleges that on or about July 17, 2020, she was employed by the Defendants, Louisiana Department of Corrections (hereinafter "DOC") and Elayn Hunt Correctional Center at St. Gabriel (hereinafter ("Hunt"). [1] She states that she was first hired for the position of prison guard by DOC and Hunt and began working in November of 2019.[2] Plaintiff alleges that she worked in a unit reserved for maximum security inmates, and that she was the only

---

[1] R. Doc. 1 at ¶5.
[2] R. Doc. 1 at ¶¶14-15.

1

prison guard on duty at the time of the events alleged.[3] She indicates that her duties and responsibilities generally included head counts, the monitoring of cells, and walking the different housing spaces.[4]

Plaintiff alleges that in the morning of July 17, 2020, she was "forcibly grabbed from behind by [prisoner] Erick Dehart who had some type of homemade shank positioned around her throat," and that he gained access to this area as a result of broken or inoperable cell locks.[5] Plaintiff alleges that she was forced into an area of the prison where she was forcibly raped.[6] Plaintiff states that the rape was confirmed via a rape kit, and that she was subsequently referred to further treatment as a result of the attack.[7]

Plaintiff places blame for the attack upon the Defendants. Specifically, she alleges that she had previously reported to her immediate supervisor that cell doors in Unit 3 were broken and/or inoperable.[8] She further alleges that her work station was not equipped with a panic button or a whistle to alert others of problems.[9] She states that Defendants, DOC and Hunt, were aware prior to the incident that there was a staffing deficiency.[10] Plaintiff points to subsequent remedial measures, such as the alleged hiring of additional correctional officers, cell-door repair in that unit, training, provision of radios, and the review of safety protocols following her rape, but alleges that the changes are still insufficient.[11]

Plaintiff further states that DOC and Hunt were ware that Defendant Kirk Guerin was not performing his job functions in an appropriate manner and were aware of the danger that this

---

[3] R. Doc. 1 at ¶5.
[4] R. Doc. 1 at ¶17.
[5] R. Doc. 1 at ¶20.
[6] R. Doc. 1 at ¶20.
[7] R. Doc. 1 at ¶¶24-25.
[8] R. Doc. 1 at ¶28.
[9] R. Doc. 1 at ¶29.
[10] R. Doc. 1 at ¶31.
[11] R. Doc. 1 at ¶32-35, 55.

posed, but that he was promoted (subsequent to this incident) as Warden at Hunt.[12] She further alleges that the investigation subsequently performed by DOC into this incident revealed a "breakdown in security" at Hunt.[13] She further states that DOC and Hunt were aware of a breakdown in response to employee reports of inappropriate inmate behavior prior to the attack and were deliberately indifferent.[14] Plaintiff further alleges that DOC and Hunt were aware of inoperable personal alarm systems and cell locks prior to the Plaintiff's attack.[15] She further cites the "lack of monthly staff meetings" and the danger which resulted therefrom.[16] She alleges a lack of staff training, a failure to inspect housing, repair beepers and locks.[17] She finally alleges that no charges were filed against Erick Dehart as a result of the attack.[18]

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and § 1988, specifically due process claims under the Fourteenth Amendment as well as a state law tort claim. She has no right to bring these claims, and thus they should be dismissed.

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted. A district court judge may dismiss a complaint on the basis that it fails to state a claim when the defendant has moved to dismiss the complaint under Rule 12(b)(6). *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a Plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *See U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375 (5th Cir. 2003).

---

[12] R. Doc. 1 at ¶36-37, 54.
[13] R. Doc. 1 at ¶39.
[14] R. Doc. 1 at ¶40.
[15] R. Doc. 1 at ¶42.
[16] R. Doc. 1 at ¶46.
[17] R. Doc. 1 at ¶49.
[18] R. Doc. 1 at ¶63.

When reviewing a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). Further, while the district court must accept all factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Aschcroft*, 556 U.S. at 678; *quoting Twombly*, 550 U.S. at 555. In order for individual capacity claims to survive, causes of action "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-716 (5th Cir. 1996) (*quoting Schultea v. Wood*, 47 F.3d at 1427, 1430 (5th Cir. 1995)).

  **A.**  **The Fourteenth Amendment Provides No Protection from Private Injury.**

It is undisputed that plaintiff is not an inmate incarcerated at Hunt. Rather, she is an individual who was hired to work within that prison facility, performing the services of a prison guard for the DOC. Unlike inmates who have the Due Process Rights which she attempts to invoke, the plaintiff was an employee who accepted a job on the terms she found satisfactory and who was free to quit whenever she felt it necessary. It is well settled in this Circuit that the plaintiff has no constitutional protection to be protected by the Fourteenth Amendment against private injury.

In *de Jesus Benavides v. Santos*, 883 F.2d 385 (5th Cir. 1989), the Fifth Circuit addressed the issue of "whether those who, in the course of their duties as local jail detention officers, are injured by jail inmates attempting to escape, have a section 1983 claim against the government officials in charge of the jail where the injury would not have occurred but for those officials' callous indifference or grossly negligent failure to prevent, or to adequately guard against, or to

4

protect those injured from, the escape and accompanying inmate violence." *Id*. at 387.  Citing the then-recent decision of the Supreme Court in *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the Court emphasized that the "Constitution is a charter of negative liberties, and that the Fourteenth Amendment was intended 'to protect the people from the State, not ensure that the State protected them from each other.'" Id., (*quoting DeShane,* 109 S.Ct. at 1003).  As the Court noted in *Deshaney*, "[a]s a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney,* 109 S.Ct. at 1004.

The Fifth Circuit that the *DeShaney* decision was a confirmation of the rationale reached in similar cases in the Fifth, Seventh, and D.C. Circuits.  The Court referenced *Hogan v. City of Houston*, 819 F.2d 604 (5th Cir. 1987), in which it held that "[t]he City's failure to redress the patent but possibly severe defects in [the plaintiff's] workplace [cannot be viewed] as an abuse of government power" after a prisoner was allowed to grab a jail officer's gun and shoot the plaintiff. *Id*. at 605.   Likewise, the D.C. and Seventh Circuits reached the same result in appeals in which inmates had killed or injured prison workers and § 1983 claims were brought and subsequently dismissed.  In *Washington v. District of Columbia*, 802 F.2d 1478, 1479 (D.C.Cir.1986), and in *Walker v. Rowe*, 791 F.2d 507, 509 (7th Cir.), *cert. denied*, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 597 (1986), the Courts found that "while the procedures adopted in both of the involved prisons were undoubtedly inadequate, both courts held that the reckless failure of state officials to remedy unsafe prison conditions did not deprive a prison guard of an interest protected by the Fourteenth Amendment." *De Jesus Benavides,* 883 F.2d at 387-88 (citing *Washington and Walker, supra*).

The Fifth Circuit correctly noted that "Section 1983 does not federalize tort law. While reckless or grossly negligent conduct by government officials in charge of prisons may cause

5

injury to prison guards by third persons, a claim against the officials on that basis falls 'squarely within traditional state tort law.'" *de Jesus Benavides*, 883 F.2d at 388 (*quoting Washington*, 802 F.2d at 1480). "Although these cases seem to present an anomaly in that they appear to afford greater protection to prisoners than to prison guards, the affirmative duty to protect a prisoner (as well as a mental patient or other incarcerated person) arises only because of and 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself.'" *de Jesus Benavides,* 883 F.2d at 388 (quoting DeShaney, 109 S.Ct. at 1005).

Contrasted with inmates, the plaintiff is one of many "employees who 'enlisted, on terms they found satisfactory, and [who] were free to quit whenever they pleased.'" *de Jesus Benavides,* 883 F.2d at 388 (*quoting Washington*, 802 F.2d at 1482; Walker, 791 F.2d at 511). The Fifth Circuit stressed the voluntary nature of employment in this consideration, noting that it had applied the same rationale in *Rankin v. City of Wichita Falls*, Texas, 762 F.2d 444 (5th Cir.1985), when it noted that the plaintiffs' decedent's "association with the [defendant city's] treatment plant is not alleged to have been any less voluntary than his relationship with a private employer would have been." *Id*., 762 F.2d at 449. It should be noted that jurisprudence is not exclusive to jail environments. In *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995), the Fifth Circuit has held that a School Superintendent had no "special relationship" or constitutional duty to protect a deaf student from a sexual assault and violence at the hands of another student, and thus concluded that the alleged failure to protect did not violate the due process clause of the Fourteenth Amendment. *Id*.

Even taking all of the facts alleged by plaintiff as true, she is not protected by the due process clause of the Fourteenth Amendment. Plaintiff was a voluntary employee who was free to leave employment at any time. At no time was her liberty restrained by the State, and thus

6

there was no affirmative duty of protection imposed under the Constitution. These claims should appropriately be dismissed.

### B. Worker's Compensation is the Exclusive Remedy Under State Law for Workplace Injuries.

The exclusive remedy rule in Louisiana is clear. With the exception of intentional acts of the employer, the remedies provided to a worker in the Louisiana Workers' Compensation Act are "exclusive of all other rights, remedies, and claims for damages ... against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease." La. R.S. 23:1032(A)(1)(a).

In *Bazely v. Tortorich*, 397 So.2d 475 (La. 1981), the Louisiana Supreme Court determined that the words "intentional act" found in La. R.S. 23:1032 mean the same as "intentional tort" in reference to civil liability and construed the meaning of intent as follows:

> For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. *Waldrop v. Vistron*, 391 So.2d 1274 (La.App.1980); *McGuire v. Honeycutt*, 387 So.2d 674 (La.App. 3rd Cir.1980); *Johnson v. Chicago Mill & Lumber Co.*, 385 So.2d 878 (La.App. 2nd Cir.1980); *Courtney v. BASF Wyandotte Corp.*, 385 So.2d 391 (La.App. 1st Cir.), *writ denied*, 386 So.2d 359 (La.1980); *Bourgoyne v. City of Baton Rouge*, 380 So.2d 131 (La.App. 1st Cir.1979), *cert. denied*, 382 So.2d 164 (La.1980); *Frazier v. Woodward*, 378 So.2d 209 (La.App. 4th Cir.1979); *Johnson v. Narcisse*, 373 So.2d 207 (La.App. 4th Cir.1979); *Tobin v. Jacobson*, 369 So.2d 1161 (La.App. 1st Cir.1979); *Guidry v. Aetna Casualty & Surety Company*, 359 So.2d 637 (La.App. 1st Cir.1979), *writ denied*, 362 So.2d 578 (La.1978). Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, Sec. 8A, Comment; Prosser, supra, Sec. 8.

397 So.2d at 475.

The Louisiana Supreme Court has addressed complaints strikingly similar to this one, specifically whether the law allows an injured employee to pursue his employer in tort on the basis that the employer knowingly failed to provide employee with a safe place to work. In Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4th Cir. 1993), writ denied, 617 So.2d 910 (La. 1993), the Court opined:

> ... This may be negligence or even gross negligence. However, as illustrated in *Hood v. South Louisiana Medical Center*, 517 So.2d 469 (La.App. 1st Cir.1987), failure to maintain safe conditions in the workplace may give rise to conditions 'which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur.' Id. at 471. More recently, *in Suarez v. American Pecco Corp.*, 608 So.2d 294 (La.App. 4th Cir.1992) this court followed *Tapia v. Schwegmann Giant Supermarkets, Inc.*, 590 So.2d 806 (La.App. 4th Cir.1991) and reversed the trial court's denial of summary judgment....
>
> * * * * * *
>
> We deny Ms. Adam's claim not because she has failed to designate a specific intentional tort by name, which as we have discussed above is not required; but because her allegations raise only the question of negligence. Because of the exclusive nature of the worker's compensation remedy the defendants' negligence is not a material issue. The intentional act exception of LSA–23:1032 was never intended to make employers liable in tort for the random, independent, intervening, intentional acts of unrelated, unknown third parties such as the malefactors who so viciously abused Ms. Adams in this case....

615. So.2d at 464. Other Courts have applied this logic in instances of violent attacks upon employees by non-employee third parties. In *Price v. Circle K*, 94-1041 (La. App. 3 Cir. 2/1/95) 649 So.2d 1210, the Third Circuit upheld the trial court's granting of summary judgment where plaintiff alleged that Circle K's failure to provide a safe workplace and adequate security constituted an "intentional act" in the context of employee being the victim of a robbery and assault.

Furthermore, Courts have considered the issue of whether the intentional act exception to the exclusive remedy rule applies to an intentional act committed by an inmate in employer's custody against an employee. In *Wilson v. State, Dept. of Health and Human Resources*, 628 So.2d

8

1164 (La. App. 3 Cir. 12/8/93), a prisoner at Camp Beauregard stabbed plaintiff, a prison officer, in the neck multiple times with a screwdriver, causing her to undergo neck surgery and to remain in the hospital for several days. *Id*. at 1165. The trial court granted the state's exception of no cause of action, finding that the plaintiff's exclusive remedy against her employer was in workers' compensation. Plaintiff argued to the appellate court that because the State exercised control over the attacking inmate, that the intentional act exception to the exclusive remedy rule should apply. The Court cited *Reeder v. LAKS Corp*., 555 So.2d 7 (La. App. 1st Cir. 1989) writ denied, 559 So.2d 142 (La. 1990), in which an employee argued such an exception for an attack upon her by a nursing home patient. The *Reeder* Court rejected that "dual capacity" argument, and noted that "recover for an accident that occurred because of unsafe working conditions is limited to worker's compensation." *Id*. at 7 (internal citations omitted). The Court in *Wilson* found that "[t]he State exercised the same type of control over the attacking inmate as the nursing care facility in *Reeder* exercised over its patient. The intentional act exception to the exclusive remedy rule is not applicable." *Wilson*, 628 So.2d at 1166.

### C. The Individual Defendants are Entitled to the Exclusive Remedy Protection.

The Complaint accuses these James Leblanc, Timothy Hooper, Kirt Guerin, and Donald Johnson of negligent behavior, essentially alleging a failure to protect, failure to supervise, and failing to render timely assistance. The Complaint does not allege that any of these defendants struck, battered, participated in the assault of, or committed any intentional tort against her. Instead, Plaintiff admits that the attack occurred at the hands of a non-party inmate who was not employed DOC or Hunt. La. R.S. 23:1032(A)(1)(a) states:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive

9

> or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, *or employee of such employer or principal*, for said injury, or compensable sickness or disease.

(emphasis added).

The Louisiana Supreme Court summarized the 1976 amendment to the worker's compensation statute as "preclud[ing] suits by an employee to recover for work-related injuries from certain designated persons, including a fellow employee engaged at the time of injury in the normal course and scope of employment, unless his injury resulted from the co-worker's intentional tortious act." *Bazley v. Tortorich*, 397 So.2d 475 (La. 1981). The Court found that that 1976 amendment did not deprive a plaintiff of due process of law, equal protection of law, or access to the judicial process, and that it was adopted in accordance with the Louisiana constitution. The Court noted the obvious reason for this amendment, which was to close a loophole whereby employers entitled to an "exclusive remedy" defense would ultimately end up paying the same amounts for negligent employees - as if the defense never existed. *Id*. at 479-80.

The individual defendants in this matter are alleged to have been acting in the course and scope of their duties at all times relevant to the facts giving rise to the Complaint. The Plaintiff alleges that each is an employee of DOC, and each is thus an "employee of such employer" as contemplated by La. R.S. 23:1032(A)(1)(1). They are not alleged to have committed an intentional tort against the plaintiff. As such, they are entitled to protection from the tort claims brought against them.

### D. The Louisiana Department of Public Safety and Corrections is Immune from Suit and Elayn Hunt is not a Juridical Entity with Capacity to Sue or to Be Sued.

Plaintiff has sued the Louisiana Department of Public Safety and Corrections (named as the "Louisiana Department of Corrections") and Elayn Hunt Correctional Center. The Louisiana Department of Public Safety and Corrections is immune from suit under the Eighth Amendment. Elayn Hunt Correctional Center is not a juridical entity and thus cannot sue or be sued.

"The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives sovereign immunity. Eleventh Amendment immunity extends to state agencies that act as arms of the state. The Louisiana Department of Public Safety and Corrections is a department of the executive branch of the state per La. R.S. 36:4. It is an agency of the state of Louisiana, which has Eleventh Amendment immunity from suit in federal court." *Womack v. Cooper*, 2010 WL 545298 (W.D. La. 2/12/10)(unreported). *Jackson v. Department of Public Safety for State of Louisiana,* 675 F.Supp. 1025, 1026 (M.D.La.1985); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D.La.1985). As such, Defendant is immune from suit and plaintiff has stated no facts which would entitle her to relief against the Louisiana Department of Public Safety and Corrections in federal court.

Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." "Thus, Louisiana law governs whether an entity such as a corrections facility or prison management company has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a 'juridical person.' This term is defined by the Louisiana Civil Code as '... an entity to which the law attributes personality, such as a corporation or partnership.'" *Folden v. West Carroll Detention Center*, 2013 WL 557198 (M.D. La. 1/17/13)(unreported); citing La. Civ.Code Ann. art. 24. "To the extent plaintiff seeks judgment against these defendants, he must show that they are juridical persons capable of being sued." *Id*. ". . . a prison or jail or its administrative departments are not entities

11

that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F.Supp.2d 877 (E.D. La. 1/9/08); (citing *United States ex rel. Arizona v. Scheipe*, 474 F.2d 720, 721 (3d Cir.1973); *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, *1 (N.D.Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admi*n., No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D.Pa.1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993).

Courts have specifically found this with respect to Elayn Hunt Correctional Center. *Stewart v. Elayn Hunt Correctional Center*, 2014 WL 3116432 at FN1 (M.D. La. 6/12/14), adopting report and recommendation, 2014 WL 3117255 (M.D. La. 7/714). "The Elayn Hunt Correctional Center is not a person within the meaning of this statute." *Id*. citing *e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D.La., Aug. 1, 2007) (finding that a state prison, including specifically EHCC, is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D.La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Elayn Hunt is not an entity capable of suing or being sued.  As such, plaintiff has failed to state a claim which would entitle her to relief against this defendant.

## IV.   CONCLUSION

The facts as alleged are tragic.  However, the plaintiff is indisputably a private citizen, who voluntarily sought employment and was employed by the DOC.  She was free to depart such employment at any time which she felt necessary.  Her attempt to invoke the constitutional protections owed to inmates - those subject to the exercise of the State's power intended to restrain her liberty such that it renders one unable to care for herself – is without merit under the clearly

established principles set forth in *DeShaney* and carried forth in this Circuit in *de Jesus Benavides* and its progeny.

Furthermore, this is indisputably a workplace injury, and the alleged intentional tort was committed by a non-employee third party. As such, well-stablished law prohibits any tort recovery by plaintiff against her employer or her fellow employees.

Finally, the Department of Public Safety and Corrections is immune from suit in federal court under the Eighth Amendment. Additionally, the Elayn Hunt Correctional Center is not a juridical person and thus cannot sue or be sued. For the reasons set forth in this Memorandum, the defendants' Motion should be granted and all claims against the defendants should be dismissed, with prejudice, and at plaintiff's cost.

        Respectfully submitted,

        **JEFF LANDRY**
        **ATTORNEY GENERAL**

**BY:**   */s/ Blake J. Arcuri*
        BLAKE J. ARCURI (LSBN 32322)
        LAURA C. RODRIGUE (LSBN 30428)
        RODRIGUE & ARCURI, LLP
        201 St. Charles Ave., Ste. 114-412
        New Orleans, LA 70170
        Tel: 504.249.6990; Fax: 504.399.1813
        bja@rodriguearcuri.com
        lcr@rodriguearcuri.com
        ***Special Assistant Attorneys General and***
        ***Counsel for the Louisiana Department of***
        ***Public Safety and Corrections***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2021, I have served this pleading upon counsel of record via the EM/CMF system.

*/s/ Blake J. Arcuri*