| | | |
|---|---|---|
| DESHUNTA MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.: 21-390 |
| | ) | |
| VS | ) | CIVIL ACTION |
| LOUISIANA DEPARTMENT OF CORRECTIONS, | ) | BENCH TRIAL |
| ELAYN HUNT CORRECTINAL CENTER, JAMES | ) | |
| M. LEBLANC, TIMOTHY HOOPER, KIRT GUERIN, | ) | |
| ERIC HINYARD, AND DONALD JOHNSON | ) | |
| Defendants. | ) | |
| | ) | |

**Plaintiff's Opposition to Motion to Dismiss**

Defendants have filed a Motion to Dismiss ("Motion") based on Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b).  Plaintiff opposes the Motion.

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

The Rule 12(b)(6) test has been revised.  In *Conley v. Gibson*, 355 U.S. 41(1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. 355 U.S. at 45-46.  In *Bell Atlantic Corporation v. Twombly,* 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, id. at 563.  It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaints survival." Id.  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" Id. at 1949 citation omitted).  Where

a complaint is inadequate, leave to amend the complaint is common.  See e.g., *Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09-4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

In *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct 1683, 40 L.Ed.2d 90 (1974) the Supreme Court said that if the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits.   To overcome the defense of qualified immunity, a plaintiff must establish that defendants' actions were not objectively reasonable in light of the law as it existed at the time the conduct occurred and in light of the information the defendants possessed at the time. *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). *Bridges v. Honeycutt* (S.D. Tex. 2016)

For the foregoing reasons and all the others discussed in Plaintiff's Verified Petition, the present Motion to Dismiss should be denied.

By Attorney:

Turner Law Firm, LLC.
413 W. Main Street
Gonzales, Louisiana 70737
Telephone: 225.644.2229
Facsimile: 225.644.2266

*/s/ Travis J. Turner*
Travis J. Turner
Bar Roll No.: 29462

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, a copy of the foregoing pleading was served on all counsel of record via the courts EM/CMF system.

*/s/ Travis J. Turner*
Travis J. Turner