UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESHUNTA MILLER

VERSUS

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

CIVIL ACTION

NO. 21-390-JWD-RLB

## ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to FRCP 12(b)(6)* (Doc. 16) filed by Defendants, the State of Louisiana, Department of Public Safety & Corrections ("DPSC"), Elayn Hunt Correctional Center ("Elayn Hunt"), James Leblanc, Timothy Hooper, Kirt Guerin, and Donald Johnson (collectively, "Defendants"). Plaintiff Deshunta Miller filed a response. (Doc. 19.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

This Court has written extensively on the issue of waiver and a party's responsibility to meaningfully oppose a motion. *See, e.g.*, *Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (citing, *inter alia*, *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived." (citing, *inter alia, United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting that it is "not enough to merely mention or allude to a legal theory"))); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641,

672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing, *inter alia, El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")).

This Court has not hesitated to dismiss claims as waived in such circumstances. *See JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *Payton*, 2021 WL 2544416, at *26 (dismissing *Monell* claims as waived); *see also Wuestenhoefer*, 105 F. Supp. 3d at 672 (finding that relator waived argument as to how certain write-offs fell within a particular provision of the False Claims Act).

Here, Defendants move to dismiss Plaintiff's claims because (1) the Fourteenth Amendment provides no protection from private injury; (2) worker's compensation is the exclusive remedy under state law for workplace injuries; (3) the individual defendants are entitled to the exclusive remedy protection; and (4) DPSC is immune from suit, and Elayn Hunt is not a juridical entity capable of being sued. (*See* Doc. 16-1.)

In response, Plaintiffs merely provide a page of hornbook law on the Rule 12(b)(6) standard, a paragraph about qualified immunity generally, and then the following, "For the foregoing reasons and all the others discussed in Plaintiff's Verified Petition, the present Motion to Dismiss should be denied." (*See* Doc. 19 at 1–2.) The Court finds that such a barebones, skeletal

2

response is exactly the type of opposition which supports a finding of waiver under the above authorities. As a result, Plaintiff's claims will be dismissed.

However, this Court has also written extensively about providing a plaintiff at least one opportunity to amend their complaint to state viable claims, particularly when there has been no prior ruling assessing the validity of those claims, and even when they do not appear viable. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 518–19 (M.D. La. 2021) (collecting authority and cases from this division). Thus, the Court will follow this "wise judicial practice," *id.* (citation omitted), and provide Plaintiff one opportunity to amend his complaint.

However, Plaintiff is reminded of his Rule 11 obligation to have a good faith basis in law and fact before asserting any claims. *See* Fed. R. Civ. P. 11(b). If the Court finds that any future amendments were made frivolously, the Court will impose sanctions.

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Pursuant to FRCP 12(b)(6)* (Doc. 16) filed by Defendants, the State of Louisiana, Department of Public Safety & Corrections, Elayn Hunt Correctional Center, James Leblanc, Timothy Hooper, Kirt Guerin, and Donald Johnson is **GRANTED** and that all claims by Plaintiff against Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days to amend the operative complaint to cure all deficiencies therein. Failure to do so will result in the dismissal of these claims with prejudice.

Signed in Baton Rouge, Louisiana, on June 9, 2022.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**